# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

ZALMEN LEVY A/K/A/
ZALMY LEVY,

      Plaintiff,

v.                            Case No. 0:25-cv-60966

CITIBANK, N.A.,

      Defendant.

_____/

### DEFENDANT CITIBANK, N.A.'S AMENDED RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Citibank, N.A. ("Citibank") hereby provides its objections and responses to Plaintiff's, Zalmen Levy a/k/a Zalmy Levy ("Plaintiff") First Set of Interrogatories to Defendant Citibank, N.A. (the "Interrogatories," each an "Interrogatory"), subject to the following additional express reservation of rights:

### GENERAL OBJECTIONS

1. Citibank objects to the Interrogatories to the extent the instructions, definitions, or interrogatories purport to require a response, action or the disclosure of information that is not required to be provided under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of this Court. Citibank will respond to the Interrogatories in accordance with the aforementioned rules.

2. Citibank objects to the Interrogatories to the extent that Defendant seeks information that is not within Citibank's possession, custody, or control.

3.　　　Citibank objects to the Interrogatories to the extent that Defendant seeks disclosure of information about which Defendant already has knowledge and that is already in Defendant's possession and/or control, or to which Defendant has independent access.

4.　　　Citibank objects to the Interrogatories to the extent that the number of said interrogatories, including all discrete sub-parts, exceed the permissible number allowed by Rule 33(a)(1) of the Federal Rules of Civil Procedure. Citibank's objections and responses below are not to be construed as a waiver of this objection or stipulation to exceeding said maximum.

5.　　　Citibank does not intend to disclose information that is privileged or is otherwise immune from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege, except pursuant to a specific written agreement covering such information, shall be deemed inadvertent. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information nor shall such inadvertent disclosure waive or prejudice the right of Citibank to object to the use of any such information during this or any subsequent proceeding. Subject to the foregoing, Citibank responds as follows:

## **SPECIFIC RESPONSES:**

1. Identify each communication, or attempted communication, between Plaintiff and Defendant, or between (718) 564-4468 and Defendant, or between Plaintiff and a vendor on behalf of Defendant, or between (718) 564-4468 and a vendor on behalf of Defendant.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad and ambiguous as to the reference of "attempted communication;" (b) is overbroad and ambiguous as to the reference to "(718) 564-4468" in that this interrogatory is not limited to a time period during which Plaintiff subscribed to such telephone number; (c) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case; (d) contains sub-parts that are compound or conjunctive; (e) seeks information and documents, in part, that are confidential and/or proprietary; and (f) otherwise calls for the production of non-public financial information of individuals or entities who are not a party to this action, who have not provided express**

**authorization to disclose said non-public information, and/or who may otherwise have a legitimate expectation of financial privacy.** *See Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, et seq. See e.g. Martino v. Barnett,* **215 W. Va. 123 (W.Va 2004)***; Ex Parte National Western Life Ins. Co.,* **899 So.2d 218 (Ala. 2004)(***finding that the phrase "judicial process" in § 6802(e)(8) encompasses a court order compelling discovery but said court order should also include a comprehensive protective order to guard a customers' privacy). See also, Chapter 655.059, Florida Statutes, Banc of America Investment Services, Inc. v. Barnett,* **997 So.2d 1154 (Fla. 3rd DCA 2008)** *(finding that lower court departed from essential requirements of law under Chapter 655.059 when it ordered bank to produce non-party customer financial records without consent and without determining that requesting party made a showing of necessity that outweighed the countervailing interests in maintaining the confidentiality of such information. (citing Berkeley vs. Eisen,* **699 So.2d 789 (Fla. 4th DCA 1997))**.

**Without waiving its objections, and answering only as to communications between Citibank and (718) 564-4468, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Citibank refers Plaintiff to the account records for accounts ending 5695, 2069, 3294, 6961, 8727, 4361, 0114, and 6150, which Citibank will produce after entry of a protective order authorizing the production of such records and maintaining their confidentiality.**

2. Identify the hardware and software Defendant, or a vendor on behalf of Defendant, used in connection with communications, or attempted communications, with Plaintiff, or with (718) 564-4468.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad and ambiguous as to the reference of "hardware or software;" (b) is overbroad and ambiguous as to the reference to "(718) 564-4468" in that this interrogatory is not limited to a time period during which Plaintiff subscribed to such telephone number; (c) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case; (d) contains sub-parts that are compound or conjunctive, and (e) seeks information and documents, in part, that are confidential and/or proprietary.**

**Without waiving its objections, Citibank states that, based on Citibank's records, Citibank used the UIP dialing system to attempt to make telephone calls to (718) 564-4468.**

3. Identify each call Defendant made, or caused to be made, to Plaintiff, or to (718) 564-4468, in connection with which Defendant or its vendor used, or caused to be used, an artificial or prerecorded voice.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad and ambiguous as to the reference of "each call;" (b) is overbroad and ambiguous as to the reference to "(718) 564-4468" in that this interrogatory is not limited to a time period during which Plaintiff subscribed to such**

**telephone number; (c) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case; (d) contains sub-parts that are compound or conjunctive; (e) seeks information and documents, in part, that are confidential and/or proprietary; and (f) otherwise calls for the production of non-public financial information of individuals or entities who are not a party to this action, who have not provided express authorization to disclose said non-public information, and/or who may otherwise have a legitimate expectation of financial privacy.** *See Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, et seq. See e.g. Martino v. Barnett,* **215 W. Va. 123 (W.Va 2004)***; Ex Parte National Western Life Ins. Co.,* **899 So.2d 218 (Ala. 2004)***(finding that the phrase "judicial process" in § 6802(e)(8) encompasses a court order compelling discovery but said court order should also include a comprehensive protective order to guard a customers' privacy). See also, Chapter 655.059, Florida Statutes, Banc of America Investment Services, Inc. v. Barnett,* **997 So.2d 1154 (Fla. 3rd DCA 2008)** *(finding that lower court departed from essential requirements of law under Chapter 655.059 when it ordered bank to produce non-party customer financial records without consent and without determining that requesting party made a showing of necessity that outweighed the countervailing interests in maintaining the confidentiality of such information. (citing Berkeley vs. Eisen,* **699 So.2d 789 (Fla. 4th DCA 1997)).**

**Without waiving its objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Citibank refers Plaintiff to the account records for accounts ending 5695, 2069, 3294, 6961, 8727, 4361, 0114, and 6150, which Citibank will produce after entry of a protective order authorizing the production of such records and maintaining their confidentiality.**

4. Identify the system or software Defendant or its vendor used to document or otherwise memorialize details of communications, or attempted communications, between Plaintiff and Defendant, or between (718) 564-4468 and Defendant, or between Plaintiff and a vendor on behalf of Defendant, or between (718) 564-4468 and a vendor on behalf of Defendant—including the date, time, substance of, and disposition of, the communications or attempted communications.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad and ambiguous as to the reference of "system or software," "attempted communication"; (b) is overbroad and ambiguous as to the reference to "between Plaintiff and Defendant, or between (718) 564-4468 and Defendant, or between Plaintiff and a vendor on behalf of Defendant, or between (718) 564-4468 and a vendor on behalf of Defendant"; (c) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case; (d) contains sub-parts that are compound or conjunctive; and (e) seeks information and documents, in part, that are confidential and/or proprietary.**

**Without waiving its objections, Citibank states that, based on Citibank's records, calls attempted by the UIP dialing system are reflected in records for the UIP dialing system.**

5. Identify the reason(s) Defendant placed, or caused to be placed, calls to Plaintiff, or to (718) 564-4468, and the intended recipient(s) of the calls.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad and ambiguous as to the reference to "the reason(s) Defendant placed . . . calls"; (b) is overbroad and ambiguous as to the reference to "(718) 564-4468" in that this interrogatory is not limited to a time period during which Plaintiff subscribed to such telephone number; (c) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case; (d) contains sub-parts that are compound or conjunctive; (e) seeks information and documents, in part, that are confidential and/or proprietary; and (f) otherwise calls for the production of non-public financial information of individuals or entities who are not a party to this action, who have not provided express authorization to disclose said non-public information, and/or who may otherwise have a legitimate expectation of financial privacy. *See Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, et seq. See e.g. Martino v. Barnett, 215 W. Va. 123 (W.Va 2004); Ex Parte National Western Life Ins. Co., 899 So.2d 218 (Ala. 2004)(finding that the phrase "judicial process" in § 6802(e)(8) encompasses a court order compelling discovery but said court order should also include a comprehensive protective order to guard a customers' privacy). See also, Chapter 655.059, Florida Statutes, Banc of America Investment Services, Inc. v. Barnett, 997 So.2d 1154 (Fla. 3rd DCA 2008) (finding that lower court departed from essential requirements of law under Chapter 655.059 when it ordered bank to produce non-party customer financial records without consent and without determining that requesting party made a showing of necessity that outweighed the countervailing interests in maintaining the confidentiality of such information. (citing Berkeley vs. Eisen, 699 So.2d 789 (Fla. 4th DCA 1997)).**

**Without waiving its objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Citibank refers Plaintiff to the account records for accounts ending 5695, 2069, 3294, 6961, 8727, 4361, 0114, and 6150, which Citibank will produce after entry of a protective order authorizing the production of such records and maintaining their confidentiality.**

6. Identify any business relationship or account(s) Defendant has, or had, with Plaintiff.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad and ambiguous as to the reference to "business relationship"; and (b) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case.**

**Without waiving its objections, Citibank states that Citibank' records reflect Plaintiff had a Citibank account ending in 9162 and is an authorized user on a Costco branded credit card account ending in 4020. Discovery is continuing.**

7. Identify the number of unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which Defendant or a vendor on behalf of Defendant used, or caused to be used, an artificial or prerecorded voice.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad and ambiguous as to the reference of "unique telephone number"; (b) is overbroad and unduly burdensome as this request is not limited to the subject account; (c) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case; (d) contains sub-parts that are compound or conjunctive; (e) seeks information and documents, in part, that are confidential and/or proprietary; and (f) otherwise calls for the production of non-public financial information of individuals or entities who are not a party to this action, who have not provided express authorization to disclose said non-public information, and/or who may otherwise have a legitimate expectation of financial privacy. *See Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 6801, et seq. See e.g. Martino v. Barnett, 215 W. Va. 123 (W.Va 2004); Ex Parte National Western Life Ins. Co., 899 So.2d 218 (Ala. 2004)(finding that the phrase "judicial process" in § 6802(e)(8) encompasses a court order compelling discovery but said court order should also include a comprehensive protective order to guard a customers' privacy). See also, Chapter 655.059, Florida Statutes, Banc of America Investment Services, Inc. v. Barnett, 997 So.2d 1154 (Fla. 3rd DCA 2008) (finding that lower court departed from essential requirements of law under Chapter 655.059 when it ordered bank to produce non-party customer financial records without consent and without determining that requesting party made a showing of necessity that outweighed the countervailing interests in maintaining the confidentiality of such information. (citing Berkeley vs. Eisen, 699 So.2d 789 (Fla. 4th DCA 1997)).**

8. For the telephone numbers Defendant identifies through its answer to interrogatory no. 7, identify the number of them for which Defendant's or its vendor's records show that a called party was not the person Defendant or its vendor intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant or its vendor contacted the wrong person or telephone number, or that a vendor or third party identified as a wrong or potential wrong number.

**ANSWER: See Answers and Objections to Interrogatory No. 7.**

9. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-8, identify the number of them to which Defendant made, or caused to be made, a call or calls in connection with which Defendant or its vendor used an artificial or prerecorded voice, after Defendant's or its vendor's records show that a called party was not the person Defendant or its vendor intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant or its vendor contacted the

wrong person or telephone number, or that a vendor or third party identified as a wrong or potential wrong number.

**ANSWER: See Answers and Objections to Interrogatories Nos. 7-8.**

10. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-9, identify the number of them that were, or that Defendant's or its vendor's records indicate were, assigned to a cellular telephone service.

**ANSWER: See Answers and Objections to Interrogatories Nos. 7-9.**

11. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-10, identify the number of calls Defendant made, or caused to be made, to them, in connection with which Defendant or its vendor used, or caused to be used, an artificial or prerecorded voice.

**ANSWER: See Answers and Objections to Interrogatories Nos. 7-10.**

12. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 7-10, identify the number of calls Defendant made, or caused to be made, to them, in connection with which Defendant or its vendor used an artificial or prerecorded voice, after Defendant's or its vendor's records showed that a called party was not the person Defendant or its vendor intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant or its vendor contacted the wrong person or telephone number, or that a vendor or third party identified as a wrong or potential wrong number.

**ANSWER: See Answers and Objections to Interrogatories Nos. 7-10.**

13. Describe Defendant's efforts to verify or confirm that (718) 564-4468 was assigned to the intended recipient of Defendant's calls.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad and ambiguous; (b) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case; and (c) seeks information and documents, in part, that are confidential and/or proprietary.**

14. Describe Defendant's efforts to verify or confirm that (718) 564-4468 was a cellular telephone number.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad and ambiguous; (b) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case; and (c) seeks information and documents, in part, that are confidential and/or proprietary.**

15. Identify any entity Defendant retained, engaged, or employed to place calls or deliver artificial or prerecorded voice messages to (718) 564-4468.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad and ambiguous; (b) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case; and (c) seeks information and documents, in part, that are confidential and/or proprietary.**

**Without waiving its objections, Citibank responds that it is not aware of any such entity based on Citibank's records.**

16. Identify all telephone numbers from which Defendant placed, or caused to be placed, an outgoing call in connection with which Defendant or its vendor used, or caused to be used, an artificial or prerecorded voice.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad, ambiguous, and unduly burdensome as to "all telephone numbers" and not limited to the subject account or Plaintiff; (b) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case; (c) contains sub-parts that are compound or conjunctive; and (d) seeks information and documents, in part, that are confidential and/or proprietary.**

17. For each affirmative defense Defendant asserts, state the factual and legal basis and identify all evidence on which Defendant relies in asserting it.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad, ambiguous, and unduly burdensome; and (b) contains sub-parts that are compound or conjunctive.**

18. Did you receive letters from Plaintiff? If so, please identify the date each letter was received, the substance of each letter, and what was done each time a letter was received to prevent the calling Plaintiff's phone number.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad, ambiguous, and unduly burdensome as it is not limited to the subject account; (b) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this**

action, nor proportional to the needs of the case; (c) contains sub-parts that are compound or conjunctive; and (d) seeks information and documents, in part, that are confidential and/or proprietary.

19. Identify the date, time, and substance of each call Plaintiff made to you requesting that You stop calling.

**ANSWER: In addition to its General Objections, Citibank objects to this interrogatory and its subparts on the grounds that it: (a) is overbroad, ambiguous, and unduly burdensome as it is not limited to the subject account; (b) seeks information and documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in this action, nor proportional to the needs of the case; (c) contains sub-parts that are compound or conjunctive; and (d) seeks information and documents, in part, that are confidential and/or proprietary.**

## VERIFICATION

Pursuant to Title 28 U.S.C. §1746(2), I declare under penalty of perjury that the factual statements in the foregoing Responses to Plaintiff's First Interrogatories are true and correct to the best of my knowledge.

**CITIBANK, N.A.**

By:  Ervin Cuko

Its:  Vice-President, Applications Support Sr. Manager

Date:  2/10/2026